**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

LINDA J. DANIELL,

        Plaintiff,

v.                                                                                                                    CV 08-1088 CG

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

**ORDER GRANTING ATTORNEY FEES PURSUANT TO EAJA**

**THIS MATTER** is before the Court on Plaintiff's *Motion for Attorney Fees Under Equal Access to Justice Act, with Supporting Memorandum* ('Motion') (Doc. 33).  The Court has considered the Motion, as well as Defendant Commissioner's *Response in Opposition to Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act* ('Response') (Doc. 35), Plaintiff's *Reply to Defendant's Response in Opposition to Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act* ('Reply') (Doc. 36), and the relevant law.  Ms. Daniell moves the Court for an award of attorney fees in the amount of $18,501.16 under the Equal Access to Justice Act ("EAJA") at 28 U.S.C. § 2412(d).  (Doc. 33 at 1).  Ms. Daniell also seeks reimbursement in the amount of $846.58 for costs associated with filing and binding fees.  (*Id.*). The Commissioner, in his Response, opposes the Motion on the grounds that his position was substantially justified.  (Doc. 35 at 1). However, the Commissioner does not oppose Plaintiff's request for reimbursement of the $846.58 in filing fees and costs.  (*Id.*) The Court will **GRANT** the Motion in the amount of $18,501.16 because the Commissioner's position was not substantially justified.

Additionally, the Court will **GRANT** the unopposed request for $846.58.

EAJA provides for an award of attorney fees to a plaintiff when: (1) she is a prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust.  28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007).  Here, the parties do not dispute that Ms. Daniell is a prevailing party or that no special circumstances would make the award unjust; rather, they disagree about whether the position of the Commissioner was substantially justified.  *See* Motion (Doc. 33 at 1-4); Response (Doc. 35); Reply (Doc. 36 at 1-2).

The Commissioner bears the burden of showing that his position was substantially justified.  *Hackett*, 475 F.3d at 1172.  His "position" collectively refers to his positions at the administrative level and before the federal courts.  28 U.S.C. § 2412(d)(2)(D).  "The test for substantial justification in this circuit is one of reasonableness in *law* and fact."  *Hackett*, 475 F.3d at 1172 (emphasis added) (quoting *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)).  Substantial justification is "satisfied if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks, citations, and brackets omitted)).  A district court's remand order does not mean, *ipso facto*, that the Commissioner's position was *not* substantially justified; that is, his "position can be justified even though it is not correct."  *Hackett*, 475 F.3d at 1172 (quoting *Pierce* 487 U.S. at 566).  Similarly, a district court's order affirming does not itself mean that the Commissioner's position *was* substantially justified.  *Gatson v. Bowen*, 854 F.2d 379, 381 n.1 (10th Cir. 1988).

For example, when the agency applies the wrong legal standard, the Commissioner "[cannot] show that his position was substantially justified, either in making the initial legal error or in arguing in the ensuing litigation that there was no error." *Chester v. Apfel*, No. 00-7021, 1 Fed. Appx. 792, 795, 2001 WL 10316, **2 (10th Cir. Jan 4, 2001) (unpublished); *see Gatson*, 854 F.2d at 380–81, 381 n.1 (holding that the Commissioner's position could not be substantially justified where the agency applied an outdated legal standard—despite the district court's initial affirmance).

Here, the Commissioner has failed to meet his burden to show that his position was substantially justified because the Administrative Law Judge ('ALJ') failed to apply the proper legal standards in evaluating the opinions of Dr. Venegas and Dr. Murphy, Ms. Daniell's treating physicians. Specifically, the ALJ failed to follow the required sequential analysis in considering what weight to assign to the treating physicians' medical opinions. The ALJ further compounded the error by improperly favoring the opinion of a non-examining consultant over the opinions of Dr. Venegas and Dr. Muprhy. Because the Commissioner has failed to provide a reasonable basis for those errors, the Commissioner's position cannot be considered substantially justified.

ALJ's are typically required to award special deference to the medical opinion of a treating physician. *See* Social Security Ruling 96-8p. So long as the treating physician's opinions are supported by medically acceptable clinical and laboratory diagnostic techniques, the ALJ must give the opinions controlling weight. *Id.* An ALJ may only refuse to give a treating physician's opinion controlling weight if the opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques and the opinion is inconsistent with other substantial evidence in the case record. *Id.* If the ALJ determines

that the treating physician's opinion is not entitled to controlling weight, the ALJ must still specifically determine what weight, if any, the opinion deserves. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003). The ALJ failed in both these respects.

As the Tenth Circuit noted, the ALJ did not give either Dr. Murphy or Dr. Venegas' opinions controlling weight as the ALJ's determination of Ms. Daniell's 'Residual Functional Capacity' ('RFC') directly contradicted many of Dr. Murphy and Dr. Vengas' findings. *See Order and Judgement [of the Tenth Circuit]* ('Order') (Doc. 31-1, at 9); Admin R. at 17-21. The ALJ failed to properly explain whether the physicians' opinions were not supported by medically acceptable clinical and laboratory diagnostic techniques, or whether those opinions were inconsistent with substantial medical evidence in the record. *See* Order (Doc. 31-1 at 9). The ALJ then failed to state what weight, if any, she was giving to the treating physicians' opinions. *Id.*

The ALJ further compounded her mishandling of the treating physicians' opinions by improperly favoring the opinion of a non-examining medical consultant. In determining Ms. Daniell's RFC, the ALJ adopted the opinions of the non-examining consultant, while discounting those of the treating physicians. Admin. R. at 20. This was legal error since the Tenth Circuit has held that an ALJ should afford the least weight to the opinion of a non-examining consultant and that the opinion of a non-examining consultant may not trump that of a treating physician unless the ALJ explicitly explains why the consultant's opinion is more accurate. *See Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). In Ms. Daniell's case, the ALJ failed to properly explain why the non-examining consultant's opinion was entitled to greater weight than those of Dr. Murphy and Dr. Venegas. *See* Order at 11.

The Commissioner asserts that certain facts from the record - particularly Ms. Daniell's admission to a consultative examiner that she could both lift more and stand for longer periods of time than indicated by her treating physicians - support his position that the ALJ properly rejected the opinions of the treating physicians.  (Doc. 35 at 5-6). However, the Court notes that these facts were not cited by the ALJ himself as support for the evaluation of Ms. Daniell's physical limitations,[1] since the alleged admissions were made to a consultative examiner fourth months *after* the ALJ's decision.  *See* Admin. R. at 185.  Because the facts submitted by the Commissioner in his Response were not considered by the ALJ, the Commissioner's use of such facts constitute a prohibited post hoc rationalization.[2]  The Commissioner, therefore, has failed to meet his burden to show that his position was substantially justified.

---

[1] For example, the Commissioner highlights that Ms. Daniell admitted to Doctor Carlos Pastrana, a consultative examiner, that she could stand for 15 minutes at time and that she could stand and walk around for up to three hours over an eight hour period. (Admin R. at 185). Those admissions contradicted the opinions of her treating physicians, Dr. Murphy and Dr. Venegas, both of whom believed that Ms. Daniell could not stand or walk for over 2 hours during any given work day. Admin. R. at 103, 167. These facts, however, were not cited by the ALJ as support for her evaluation of Ms. Daniell's impairments.  *See Order and Judgement [of the Tenth Circuit]* (Doc. 31-1 at 13; Admin. R. at 17–21). Neither did the Appeals Council consider the evidence from the Pastrana examination. The Appeals Council decided that the new evidence did "not provide any new clinical or laboratory findings which would warrant a change in the [ALJ's] decision." *See* Admin. R. at 6.

[2] In *Hackett*, the Tenth Circuit reversed a denial of EAJA fees because the district court erred in finding that the Commissioner's position was substantially justified. 475 F.3d at 1169.  In that case, the ALJ had mischaracterized the testimony of the vocational expert, and at the district court, the Commissioner attempted to save the ALJ's decision by offering new legal theories based on "reasoning not explicitly relied on by the ALJ." *Id.* at 1175 (internal quotation marks and brackets omitted).  The Tenth Circuit found that the Commissioner's reasons violated the "simple but fundamental rule of administrative law" that courts may not "intrude on the agency's authority by supporting a result reached by the agency with reasoning not *explicitly* relied on by the agency." *Id.* at 1174, 1175 (emphasis added) (both citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947). Ultimately, the court held that where the Commissioner attempted to cure the ALJ's error based on reasons that the ALJ did not explicitly cite, the Commissioner's position was not substantially justified and the denial of EAJA fees was improper.  *Id.*

Because the Commissioner has provided no reasonable legal basis for the agency's legal errors and because the reasons asserted by the Commissioner do not suggest that his position was substantially justified, the Court **FINDS** that the Commissioner's position was not substantially justified and that EAJA fees are therefore warranted.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Attorney Fees Under Equal Access to Justice Act, with Supporting Memorandum* (Doc. 33) is **GRANTED**, and Plaintiff Linda J. Daniell[3] is authorized to receive **$18,501.16** in fees for payment to her attorney for services before this Court and before the Tenth Circuit Court of Appeals.[4] Ms. Daniell is further authorized to receive **$846.58** in costs associated with filing and briefing the aforementioned suit.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent

---

[3] *See Manning v. Astrue*, 510 F.3d 1246, 1251 (10th Cir. 2007) (requiring EAJA fees to be paid to the claimant).

[4] In the future, if Ms. Daniell's counsel is also awarded attorney fees pursuant to 42 U.S.C. § 406(b), he shall refund the smaller award to Ms. Grotendorst pursuant to *Gisbrecht v. Barnhart*. 535 U.S. 789, 796 (2002) ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee." (internal quotation marks and alteration omitted)).